U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described**.

*Barbara J. Houser*

**Signed June 23, 2008**                                      **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **MANCHESTER, INC., *et al*.,**[1] | § | **Case No. 08 - 30703 (BJH)** |
| | § | |
| **Debtors and Debtors in Possession.** | § | **(Jointly Administered)** |
| | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### UNDER 11 U.S.C. § 1129(a) AND (b) AND FED. R. BANKR. P. 3020(c)
### CONFIRMING DEBTORS' THIRD AMENDED JOINT PLAN OF
### REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

This matter having come before the Court upon the hearing on confirmation of the above-

captioned Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the

Bankruptcy Code (EOD # 250, the "Second Amended Plan"); the Court having heard and

considered: (I) the Objection of the Tennessee Department of Revenue (the "Tennessee

Objection"); (II) the Objection of Ray and Victoria Lyle (the "Lyle Objection"); (III) the

---

[1] The Debtors are the following entities: Manchester, Inc. ("Manchester"), Nice Cars Operations AcquisitionsCo., Inc. ("NCO"), Nice Cars Acceptance AcquisitionsCo., Inc. ("NCA"), Nice Cars Funding, LLC ("NCF"), Manchester Indiana Operations, Inc. ("MIO"), Manchester Indiana Acceptance, Inc. ("MIA"), Manchester Indiana Funding, LLC ("MIF"), and Manchester Royce Funding, LLC ("MRF").

Objection of Leedom & Associates, LLC and Leedom Financial Services, LLC (the "Leedom Objection"); (IV) Palm Beach's (x) Limited Objection to Debtors' Second Amended Joint Plan of Reorganization, (y) Request for Modification of Plan, and (z) Notice of Appointment of Litigation Trustee (EOD #304); (V) Official Committee of Unsecured Creditors' Response to Palm Beach's (x) Limited Objection to Debtors' Second Amended Joint Plan of Reorganization, (y) Request for Modification of Plan, and (z) Notice of Appointment of Litigation Trustee (EOD #306); (VI) the Memorandum of Law in Support of Confirmation of the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and Omnibus Response to Confirmation Objections (EOD # 295); and (VII) the unopposed offers of proof in support of the Plan (as defined herein); no interested party present at the hearing having objected to the offers of proof and all creditors and other parties in interest having had an opportunity to cross-examine the witnesses; the Debtors having filed the Debtors' Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan")[2] to reflect amendments to the Plan (the "Plan Amendments") arising from the Confirmation Hearing; and the Court having jurisdiction over this core proceeding and being fully advised in the premises;

**THE COURT HEREBY FINDS AS FOLLOWS:**

I.     **Background**

A.     On February 7, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A creditors' committee (the "Committee") has been appointed in these cases by the United States Trustee and has retained counsel and a financial advisor. The Debtors are continuing in possession of their property and operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

CHI:2105555.5

B.     The Debtors filed the Second Amended Plan and their Second Amended Disclosure Statement With Respect to the Debtors' Second Amended Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code (the "<u>Disclosure Statement</u>") (EOD # 249) with the Court on May 5, 2008 (EOD # 250).

C.     On May 6, 2008, the Bankruptcy Court issued an Order approving the Disclosure Statement (the "<u>Disclosure Statement Order</u>") (EOD # 251), that, among other things: (a) approved the Disclosure Statement as containing adequate information under the requirements of section 1125 of the Bankruptcy Code; (b) established June 12, 2008 as the date of the Confirmation Hearing; (c) approved the form of the ballots (the "<u>Ballots</u>") for voting on the Second Amended Plan for certain holders of Claims and Interests; (d) approved the form of non-voting notices (the "<u>Non-Voting Notices</u>") for certain holders of Claims and Interests; (e) established certain procedures for soliciting votes with respect to the Second Amended Plan; and (f) established deadlines for submitting Ballots and filing and serving objections to confirmation of the Second Amended Plan as June 6, 2008.

## II.     <u>Solicitation and Notice</u>

D.     The Debtors transmitted the Disclosure Statement, the Second Amended Plan, the Ballots, the Non-Voting Notices, and notice of the Confirmation Hearing (collectively, the "<u>Solicitation Package</u>") in accordance with the Disclosure Statement Order and Fed. R. Bankr. P. 3017(d) on May 9, 2008.  The Debtors did not solicit acceptances to the Second Amended Plan prior to the transmission of the Bankruptcy Court-approved solicitation materials.

E.     On May 23, 2008, the Debtors timely filed their Notice of (I) Debtors' Intent to Assume Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts (EOD # 267) (the "<u>Assumption Notice</u>"), and properly served the Assumption Notice on the master service list

in these Chapter 11 Cases and all nondebtor parties to the subject executory contracts and unexpired leases of real property.

F. On May 27, 2008, the Debtors timely filed their Plan Supplement to the Debtors' Second Amended Joint Plan of Reorganization (EOD # 268) (the "Plan Supplement"), which (a) identified all individuals proposed to assume the roles of directors and officers of the Reorganized Debtors after the Plan's Effective Date; (b) attached copies of proposed Amended and Restated Certificates of Incorporation and Organization (as applicable) that, among other things, prohibit the issuance of nonvoting equity securities; and (c) attached an initial draft of the Litigation Trust Agreement.

G. The Plan Supplement was transmitted to all recipients of the Solicitation Package on May 27, 2008.

H. On June 2, 2008, the Debtors filed their Notice of Debtors' Intent to Reject Certain Executory Contracts and Unexpired Leases (EOD # 271) (the "Rejection Notice") and properly served the Rejection Notice on the master service list in these Chapter 11 Cases and all nondebtor parties to the subject executory contracts and unexpired leases of real property.

I. On June 5, 2008, the Debtors filed their Amendment to Plan Supplement to the Debtors' Second Amended Joint Plan of Reorganization (EOD # 274) (the "Plan Supplement Amendment"), which attached a revised version of the Litigation Trust Agreement and a blacklined version showing the changes from the version filed with the Plan Supplement.

J. The Plan Supplement Amendment was transmitted to all recipients of the Solicitation Package on June 5, 2008.

K. On June 5, 2008, the Debtors filed their Amended Notice of (I) Debtors' Intent to Assume Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts (EOD # 280)

CHI:2105555.5

(the "Amended Assumption Notice"), which, as permitted under the Plan, added certain contracts, removed certain contracts, and changed certain of the proposed cure amounts after discussions with affected nondebtor counterparties to such contracts and leases. The Amended Assumption Notice was properly served on the master service list in these Chapter 11 Cases and all nondebtor parties to the subject executory contracts and unexpired leases of real property on June 5, 2008.

L.      On June 6, 2008, the Debtors filed their Supplement to Amended Notice of (I) Debtors' Intent to Assume Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts (EOD # 283) (the "Assumption Supplement"), which added Debtor MIO's contract with Anthem Blue Cross and Blue Shield ("BCBS") to the list of assumed contracts. The Assumption Supplement was properly served on the master service list and BCBS on June 6, 2008.

M.      On June 6, 2008, the Debtors filed their Amended Notice of Debtors' Intent to Reject Certain Executory Contracts and Unexpired Leases (EOD # 284) (the "Amended Rejection Notice"), which, as permitted under the Plan, added certain contracts and removed certain contracts. The Amended Rejection Notice was properly served on the master service list in these Chapter 11 Cases and all nondebtor parties to the subject executory contracts and unexpired leases of real property on June 6, 2008.

N.      The Tennessee Objection and the Leedom Objection were filed on June 5, 2008. The Lyle Objection was filed on June 6, 2008.

## III.   **Balloting Results**

O.      Pursuant to the Plan, Classes 4, 5, 7, and 8 are the only Classes of Claims entitled to vote to accept or reject the Plan.

CHI:2105555.5

P.    On June 10, 2008, the Debtors filed the Declaration of James Katchadurian of Epiq Bankruptcy Solutions, LLC Certifying the Ballots Accepting or Rejecting the Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Ballot Declaration").

Q.    As set forth in the Ballot Declaration, the voting results on the Second Amended Plan are as follows:

(i)    Class 4:  one Claim in the stated amount of $321,306, 461.25 accepted, zero Claims rejected.

(ii)    Class 5:  36 Claims in the stated aggregate amount of $195,001.89 accepted, 12 Claims in the stated aggregate amount of $32,984,386.36 rejected.

(iii)    Class 7:  one Claim in the stated amount of $2,002,103.13 accepted, zero Claims rejected.

(iv)    Class 8:  no votes received.

R.    Based on the foregoing, the Second Amended Plan was accepted by Classes 4 and 7 and rejected by Class 5.  The Second Amended Plan was neither accepted nor rejected by Class 8.

## IV.    Plan Contents and Related Findings

S.    The Plan provides for the classification and treatment of the following Classes:

Unclassified Claims:

Administrative Expense Claims
Priority Tax Claims

Classified Claims:

Class 1:    Priority Non-Tax Claims
Class 2:    M&I Bank Secured Claims
Class 3:    Other Secured Claims

| | |
|---|---|
| Class 4: | Senior Lender Secured Claims |
| Class 5: | General Unsecured Claims |
| Class 6: | Intercompany Unsecured Claims |
| Class 7: | Senior Lender Unsecured Claims |
| Class 8: | Lancelot Claims |
| Class 9: | Parent Common Stock Interests |
| Class 10: | Subsidiary Equity Interests |

T.     The Claims placed within each Class under the Plan are substantially similar to the other Claims in each such Class, and there are substantial differences in the legal nature and priority of the Claims in each Class from the Claims in each other Class.

U.     The Claims were not classified for the purpose of gerrymandering an accepting Class of impaired creditors, or any other improper purpose.

V.     The Plan specifies the Impaired status of each Class of Claims in Section III.B thereof.  As described therein, Classes 1, 2 and 3 are not Impaired, and Classes 4, 5, 6, 7, 8, 9 and 10 are Impaired.

W.     The treatment of each Impaired Class is set forth in sufficient detail in Article III of the Plan.

X.     All Claims contained within each Class under the Plan will receive the same treatment, unless, with respect to Classes 2 and 3, the Holders agree to any different or less favorable treatment.

Y.     Articles V, VI, VII, and VIII of the Plan set forth the means for implementation of the Plan.  Article V of the Plan provides for, among other things, the creation of a Litigation Trust into which (a) all Causes of Action of the Debtors will vest and (b) the Plan Cash, Seed Cash and Leftover Cash will be deposited, and from which such assets and proceeds thereof will be distributed.  Article V also provides for the post-confirmation management of the Debtors.  Article VI of the Plan provides for the assumption and rejection of the Debtors' remaining

CHI:2105555.5

executory contracts and unexpired leases. Articles VII and VIII of the Plan detail how Disputed Claims will be resolved and how distributions will be made under the Plan.

Z. The Debtors have filed, with their Plan Supplement, forms of Amended and Restated Certificates of Incorporation or Organization, as applicable, that prohibit the issuance of nonvoting equity securities for each of the Reorganized Debtors.

AA. The Debtors have identified in the Plan Supplement all individuals who will assume the roles of directors and officers for the Reorganized Debtors post-Confirmation, and their current affiliations. The Plan Supplement designates (a) J. Stephen Cammack, B. Scott Olson, Thomas L. Gervais, Bruce F. Prevost, and Donald W. Harrod as the members of the Board of Directors or Board of Managers for each of the Reorganized Debtors; (b) J. Stephen Cammack as President for each of the Reorganized Debtors; (c) Paul Johnston as Secretary for each of the Reorganized Debtors; and (d) Jerry Biedeger as Treasurer for each of the Reorganized Debtors.

BB. Article VI of the Plan sets out the provisions for the assumption or rejection of all remaining executory contracts and unexpired leases under section 365 of the Bankruptcy Code. Pursuant to Section VI.A.1 of the Plan, all remaining executory contracts and unexpired leases, except for those (a) identified in a rejection notice filed with the Bankruptcy Court, (b) subject to a pending motion to assume, or (c) identified in this Order as neither assumed or rejected (pending further proceedings), will be assumed on the Effective Date of the Plan.

CC. Section II.C. of the Plan provides that any payments made or to be made for services or for costs and expenses incurred by any Professional in connection with the Chapter 11 Cases are subject to the approval of the Bankruptcy Court as reasonable.

CHI:2105555.5

DD.     The Disclosure Statement includes a sufficiently detailed Liquidation Analysis, attached thereto as Exhibit D.  The Liquidation Analysis establishes that, in the event of a liquidation under chapter 7 of the Bankruptcy Code, Claimants in Classes 5 and 8 of the Plan would receive no distribution from the Debtors' Estates.

EE.     Holders of Claims in Classes 5 and 8 will receive distributions under the Plan on account of their Claims having a value that is in excess of the value that they would obtain if the Chapter 11 Cases were converted to cases under chapter 7 of the Bankruptcy Code.

FF.     Palm Beach Multi-Strategy Fund, LP ("Palm Beach"), the sole Holder of Claims in Classes 4 and 7, has voted in both Classes to accept the Second Amended Plan.  Classes 4 and 7 are Impaired under the Plan.  Palm Beach is not an insider or affiliate of any of the Debtors.

GG.     The Projections attached as Appendix B to the Disclosure Statement indicate that the Reorganized Debtors should have sufficient cash flow to pay and service any post-Confirmation debt obligations and to fund their operations.  Confirmation of the Plan is therefore not likely to be followed by the liquidation or the need for further financial reorganization of any of the Reorganized Debtors.

HH.     Section XII.B. of the Plan provides for the prompt payment of all fees payable under 28 U.S.C. § 1930 following the Effective Date of the Plan.

II.     The Debtors do not have any retirement benefit programs.

JJ.     The Debtors are not individuals.

KK.     None of the Debtors are a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

LL.     The Plan does not provide for any nonconsensual releases of rights, claims, causes of action or liabilities by any nondebtor party against any other nondebtor party.

CHI:2105555.5

**BASED ON THE FOREGOING, THE COURT HEREBY CONCLUDES AS FOLLOWS:**

**I.    Jurisdiction and Judicial Notice**

MM.   This matter is a core proceeding, over which this Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334(a). Venue of these proceedings is proper under 28 U.S.C. §§ 1408 and 1409.

NN.    Judicial notice is hereby taken of the docket of these Chapter 11 Cases, including, without limitation, all pleadings, claims and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases.

**II.    Solicitation of Plan and Voting Results**

OO.   Adequate and sufficient notice of the Disclosure Statement, the Second Amended Plan, the Confirmation Hearing and of all deadlines for voting on or filing objections to the Second Amended Plan has been given to all known holders of Claims and Interests in accordance with the Disclosure Statement Order and the Bankruptcy Rules, and no other or further notice is or shall be required.

PP.    Votes for acceptance or rejection of the Second Amended Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement Order, other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations.

QQ.   All procedures used to distribute the Solicitation Packages to the applicable holders of Claims entitled to vote on the Second Amended Plan and to tabulate the Ballots were fair and conducted in accordance with Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and all other rules, laws and regulations.

CHI:2105555.5

RR.     The Debtors solicited votes on the Second Amended Plan in good faith and in compliance with the Disclosure Statement Order and applicable provisions of the Bankruptcy Code, and are entitled to the protection afforded by section 1125(e) of the Bankruptcy Code.

## III.     Confirmation Requirements

SS.     In addition to Allowed Administrative Claims and Allowed Priority Tax Claims, which need not be classified, the Plan designates ten (10) classes of Claims and Interests with respect to the Debtors.

TT.     Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the Holders of Claims or Interests.   The Plan satisfies sections 1122 and 1123(a) of the Bankruptcy Code.

UU.     Articles II and III of the Plan set out all of the designations, specifications and provisions required by section 1123(a) of the Bankruptcy Code.   Classes 1, 2, and 3 are not Impaired under the Plan and Classes 4, 5, 6, 7, 8, 9 and 10 are Impaired under the Plan.   Such designations are proper and supported by section 1124 of the Bankruptcy Code.

VV.     The Plan provides adequate and proper means for its implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

WW.     The Plan complies with the applicable provisions of the Bankruptcy Code, in satisfaction of section 1129(a)(1) of the Bankruptcy Code.

XX.     The Debtors: (a) are proper debtors and proper proponents of the Plan under sections 109 and 1121(a) of the Bankruptcy Code, respectively; (b) have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and (c) have complied with applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Packages and soliciting and tabulating votes with respect to the Second Amended Plan. The Debtors have complied with section 1129(a)(2) of the Bankruptcy Code.

YY.    The Debtors and their officers and directors have proposed the Plan in good faith and not by any means forbidden by law. The Plan represents extensive arms-length negotiation between the Debtors and Palm Beach, and their advisors. Thus, the Plan satisfies section 1129(a)(3) of the Bankruptcy Code.

ZZ.    Any payment made or to be made by the Debtors for services or costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of the Bankruptcy Court, as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

AAA. The Debtors have made all the requisite disclosures required by section 1129(a)(5) of the Bankruptcy Code. The appointments of the individuals proposed to serve as directors, officers and management of the Reorganized Debtors, as of the Effective Date, in accordance with the Plan, are consistent with the interests of creditors and with public policy, as required by section 1129(a)(5)(A)(ii) of the Bankruptcy Code.

BBB. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Disclosure Statement and the evidence adduced at the Confirmation Hearing are persuasive, credible and uncontroverted; have not been challenged by any objections or otherwise; are based on reasonable and sound assumptions; and establish that each Holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount

that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

CCC. With the exception of Classes 5, 6, 8, 9 and 10 under the Plan, each Class of Claims or Interests under the Plan has accepted the Plan or is not Impaired under the Plan. Pursuant to section 1126(g) of the Bankruptcy Code, Classes 6, 9 and 10 under the Plan are deemed to have rejected the Plan and were not entitled to vote on the Plan. Class 8 did not vote on the Plan. Class 5 has rejected the Plan. The Plan therefore does not meet the requirements of section 1129(a)(8) of the Bankruptcy Code, but is nonetheless confirmable pursuant to section 1129(b)(1) of the Bankruptcy Code, as set forth below.

DDD. The Plan's treatment of Claims of a kind specified in sections 507(a)(1), (a)(4), (a)(5) and (a)(8) of the Bankruptcy Code complies the requirements of section 1129(a)(9) of the Bankruptcy Code.

EEE. Holders of Claims in Classes 4 and 7 are Impaired and entitled to vote under the Plan, and are not insiders or affiliates of the Debtors. The Holders of these Claims have voted to accept the Second Amended Plan in accordance with sections 1126(c) and (d) of the Bankruptcy Code. Therefore, at least one Class of Claims that is Impaired under the Plan has accepted the Plan, as determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

FFF. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors or any successor of the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

CHI:2105555.5

GGG. All fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court, have been paid or will be paid on the Effective Date pursuant to Section XII.B of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

HHH. The Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

III. Sections 1129(a)(14), (a)(15) and (a)(16) of the Bankruptcy Code are not applicable to the Debtors or the Chapter 11 Cases.

JJJ. The Plan does not unfairly discriminate against any Class of Claims or Interests that did not vote to accept the Plan, and the Plan is fair and equitable to each Class of Claims and Interests that did not vote to accept the Plan. The Plan therefore meets the requirements of section 1129(b)(1) of the Bankruptcy Code.

KKK. The Plan Amendments do not adversely change the treatment of the Claim of any Creditor or the Interest of any Interest Holder who has not accepted in writing the Plan Amendments. Therefore, the Plan as modified by the Plan Amendments, is deemed accepted by all Creditors and Interest Holders who accepted the Second Amended Plan and satisfies the requirements of section 1127(a) of the Bankruptcy Code. Accordingly, pursuant to Bankruptcy Rule 3019, the Plan does not require any additional disclosure under section 1125 of the Bankruptcy Code or any resolicitation of votes under section 1126 of the Bankruptcy Code, nor does it require that holders of Claims and Interests be afforded an opportunity to change previously cast acceptances or rejections of the Second Amended Plan.

LLL. The Plan satisfies all the applicable requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

CHI:2105555.5

MMM. The release and injunction provisions in Sections X.C and X.D of the Plan are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a) and (b) and said releases and injunctions have been consented to by all parties granting the releases. Specifically, no rights, claims, causes of action or counterclaims against the Releasees, Palm Beach or its affiliates held by any nondebtor parties, other than those parties expressly identified in Section X.C.1 of the Plan, are being released or enjoined by the Plan.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. <u>Confirmation</u>. The Plan is approved and confirmed under section 1129 of the Bankruptcy Code in its entirety, except as otherwise expressly modified herein. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2. <u>Objections</u>. To the extent not previously withdrawn, all objections to the confirmation of the Plan are overruled and no additional notice or opportunity for objection to the Plan is warranted or required.

3. <u>Plan Classification Controlling</u>. The classifications of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Debtors' creditors in connection with voting on the Plan were set forth on the Ballots solely for purposes of such voting, do not necessarily represent and in no event shall modify or otherwise affect the actual classification of such Claims under the Plan for any purpose, and shall not be binding on the Debtors.

4. <u>Binding Effect</u>. Pursuant to section 1141 of the Bankruptcy Code, and subject to the terms of this Confirmation Order, the Plan and its provisions shall be binding upon and inure to the benefit of: (a) the Debtors; (b) any entity acquiring or receiving property or a distribution under the Plan; (c) any present Holder of a Claim against or Interest in the Debtors, whether or

15

not the Claim or Interest of such holder is impaired under the Plan and whether or not such Holder or entity has accepted the Plan; (d) any other party in interest; (e) any person making an appearance in these Chapter 11 Cases; and (f) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing.

5. <u>Creation of Litigation Trust and Appointment of Litigation Trust Trustee</u>. The Litigation Trust Agreement is approved as to form and substance for use in establishing the Litigation Trust under the Plan. On the Effective Date of the Plan, pursuant to Section V.A of the Plan, the initial Litigation Trust Trustee (the "<u>Litigation Trustee</u>") shall assume his or her duties under the Litigation Trust Agreement. Notwithstanding the Plan or anything therein or herein to the Contrary, the Effective Date shall not occur until the Committee has filed a notice with the Court identifying the Litigation Trustee, along with appropriate background information regarding such appointee's credentials, and either: (a) Palm Beach has agreed in writing that it does not object to the Committee's choice of Litigation Trustee; or (b) on or before the end of the third Business Day after the filing of such notice, Palm Beach has not filed with the Bankruptcy Court and served on the Debtors and the Committee an objection to the Committee's choice of Litigation Trustee.

6. As of the Effective Date of the Plan, and in accordance with Section V.A of the Plan, the following property shall be transferred to the Litigation Trust under the terms of the Plan and are hereby as of such date deemed free and clear of all Liens, Claims and encumbrances: (a) Leftover Cash contributed by the Debtors (from cash collateral of Palm Beach); and (b) Plan Cash and Seed Cash to be contributed by Palm Beach on the Effective Date. All Causes of Action shall be as of such date preserved and transferred to the Litigation Trust,

CHI:2105555.5

and on the Effective Date, the Litigation Trustee shall have standing to pursue such Causes of Action and is, as of the Effective Date of the Plan, appointed the representative of the Estates in accordance with section 1123(b)(3) of the Bankruptcy Code for the purpose of enforcing, prosecuting and settling such Causes of Action.

7.  <u>Vesting of Assets</u>.  Pursuant to Section V.C of the Plan, subject to the distribution of the New Parent Common Stock and the New Subsidiary Equity Interests, all property, except Causes of Action, of the Debtors' Estates and any property acquired by the Debtors during the Chapter 11 Cases or the Reorganized Debtors under the Plan, under section 541 of the Bankruptcy Code, will revest in Reorganized Debtors on the Effective Date free and clear of all Claims and Interests, subject only to the obligations of the Reorganized Debtors as set forth in the Plan and the Confirmation Order.  All Causes of Action will be transferred to the Litigation Trust on the Effective Date to be pursued by the Litigation Trustee as a representative of the Debtors' Estates under section 1123(b)(3)(B) of the Bankruptcy Code.  Commencing on the Effective Date, and subject to the terms of this Confirmation Order, the Reorganized Debtors may deal with their assets and property and conduct their business without any supervision by, or permission from, the Bankruptcy Court or the office of the United States Trustee, and free of any restriction imposed on the Debtors by the Bankruptcy Code or by the Bankruptcy Court during the Chapter 11 Cases.

8.  <u>Rejection and Assumption of Executory Contracts and Unexpired Leases</u>.  Pursuant to Section VI.A of the Plan, all executory contracts and unexpired leases to which the Debtors are a party shall be assumed as of the Effective Date, unless such executory contract or unexpired lease: (a) was previously assumed or rejected by the Debtors; (b) is the subject of a motion to assume or reject filed on or before the Effective Date; or (c) is identified as being

17

rejected on Exhibit A of the Amended Rejection Notice. Pursuant to Section VI.B of the Plan, if the rejection of an executory contract or unexpired lease, pursuant to Section VI.A.1 of the Plan, gives rise to a Claim, such Claim shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors, the Litigation Trust or their respective properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Litigation Trustee no later than thirty (30) days after the Effective Date. If an order rejecting an executory contract or unexpired lease is entered by the Bankruptcy Court after such date, a proof of Claim must be filed and served not later than thirty (30) days after the date of entry of such order. Notwithstanding anything to the contrary contained in section VI.A.4 of the Plan, in this Confirmation order, or otherwise, Transamerica Occidental Life Insurance Policy No. 42436161 shall be neither assumed nor rejected by the Plan or this Order, and the assumption of such policy by the Debtors and the Reorganized Debtors shall remain subject to further proceedings as ordered by the Bankruptcy Court. On this basis, the Lyle Objection is overruled.

9. <u>Releases</u>. Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as otherwise provided in the Plan or this Confirmation Order, for good and valuable consideration, the adequacy of which is hereby confirmed, and expressly subject to the exclusions set forth in the last sentence of this paragraph, the Debtors, the Reorganized Debtors, all former directors, officers and employees of the Debtors who have served in such capacity at any time during the pendency of the Chapter 11 Cases, the Releasees, Palm Beach, the Committee, members of the Committee (solely in their capacity as members of the Committee and for no other purpose), and the directors, officers and employees of the Debtors who continue in such positions as of the Effective Date in their individual capacities,

18

will be deemed to have forever released, waived and discharged (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Releasees, (iv) Palm Beach (and its respective officers, directors, managing directors, partners, affiliates, employees, agents or advisors), (v) the Litigation Trustee, (vi) the Committee and its members (solely in their capacity as members of the Committee and for no other purpose, provided, however, that such release of Committee members shall not apply to any liability under Avoidance Actions), (vii) the directors, officers, affiliates and employees of the Debtors who continue in such positions as of the Effective Date, and (viii) the former directors, officers and employees of the Debtors who have served in such capacity at any time during the pendency of the Chapter 11 Cases, from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities (other than the rights of the Debtors or Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered thereunder), whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors. Notwithstanding the foregoing or anything herein to the contrary, the Plan shall not constitute a release of any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities of: (i) Palm Beach against the Debtors, though all such claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities are discharged pursuant to Section X.A of the Plan; (ii) Palm Beach against any current or former directors, officers, and employees of the Debtors, other than Richard D. Gaines, Lawrence A.

Taylor, and Stephen Scorgie; or (iii) the Debtors or their Estates against all current or former directors, officers, and employees of the Debtors.  Except as expressly set forth in the Plan, the Plan does not release any claims or causes of action against non-debtor parties held by other non-debtor parties.

10.    <u>Injunctions</u>.  Except as may otherwise be expressly provided in the Plan or this Confirmation Order, from and after the Effective Date, all Persons who have held, hold or may hold Claims against or Interests in the Debtors, the Reorganized Debtors, the former directors, officers and employees of the Debtors who have served in such capacity at any time during the pendency of the Chapter 11 Cases, the directors, officers and employees of the Debtors who continue in such positions as of the Effective Date, the Releasees, Palm Beach and the Litigation Trustee, solely to the extent that such Claims and Interests are discharged pursuant to Sections X.A. or X.B. of the Plan or released pursuant to Section X.C. of the Plan, are hereby permanently enjoined from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, cause of action or other proceeding of any kind (including, without limitation, in any judicial, arbitration, administrative or other forum) against or affecting the Debtors, Reorganized Debtors, the Estates, the Releasees, Palm Beach, the Litigation Trustee or any other releasee hereunder on account of or respecting any Claim, Interest, obligation, debt, right, cause of action, remedy or liability discharged, released or to be released pursuant to Article X of the Plan; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order in respect of any Claim against the Debtors, Reorganized Debtors, the Estates, the Releasees, Palm Beach, the Litigation Trustee or any other releasee hereunder on account of or respecting any Claim, obligation, debt, right, cause of action,

CHI:2105555.5

remedy or liability discharged, released or to be released pursuant to Article X of the Plan; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind in respect of any Claim against the Debtors, Reorganized Debtors, the Estates, the Releasees, the Senior Lender, the Litigation Trustee or any other releasee hereunder on account of or respecting any Claim, obligation, debt, right, cause of action, remedy, or liability discharged, released or to be released pursuant to Article X of the Plan; (iv) asserting, directly or indirectly, any setoff or right of subrogation of any kind in respect of any prepetition Claim against any debt, liability or obligation due to the Debtors, Reorganized Debtors, the Estates, the Releasees, Palm Beach, the Litigation Trustee or any other releasee hereunder on account of or respecting any Claim other than a prepetition Claim, obligation, debt, right, cause of action, remedy or liability discharged, released or to be released pursuant to Article X of the Plan; or (v) commencing or continuing any action or proceeding in any manner or in any place whatsoever that does not conform to or comply with the provisions of the Plan. Except as expressly set forth in the Plan, the Plan does not enjoin claims or causes of action against non-debtor parties held by other non-debtor parties.

11. <u>General Authorizations</u>. The Debtors, the Reorganized Debtors, and their respective directors, officers, agents and attorneys are authorized and empowered to issue, execute, deliver, file or record any agreement, release, document, instrument or other agreement or document and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, including the issuance of new corporate governance documents, pursuant to Section V.E of the Plan. The Debtors and the Reorganized Debtors may amend the Litigation Trust Agreement (with the consent of the Committee) and other documents filed in

21

connection with the Second Amended Plan as necessary or appropriate to make them consistent with the Plan.

12.    <u>Good Faith Efforts</u>.    The Debtors, Reorganized Debtors, Palm Beach and the Litigation Trustee will, at all times, act in good faith and make reasonable efforts to quickly and efficiently consummate the Plan in accordance with its terms and conditions and this Confirmation Order, and the Reorganized Debtors and Palm Beach shall provide all reasonable cooperation with the Litigation Trustee in furtherance of the Litigation Trustee's duties under the Plan.

13.    <u>Exemption From Certain Taxes</u>.    Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from the Debtors to the Reorganized Debtors or any other Person under the Plan or this Confirmation Order, including, without limitation, the issuance, transfer, or exchange of debt or equity securities under the Plan or the creation of any mortgage, lien, deed of trust or other security interest under the Plan, shall not be subject to any tax under any law imposing a stamp tax or similar tax.

14.    <u>Exemption from Securities Laws</u>.    Pursuant to section 1145 of the Bankruptcy Code, the issuance of the New Parent Common Stock on the Effective Date and the New Subsidiary Equity Interests shall be exempt from the registration requirements of Section 5 of the Securities Act and any and all federal, state and local laws requiring the registration or licensing of an issuer, underwriter, broker or dealer in such securities.

15.    <u>Bar Date for Administrative Claims</u>.    Pursuant to Section II.B of the Plan, all requests for payment of an Administrative Claim (including Professional Fees) must be filed with the Court, and served on all parties required to receive notice thereof, no later than thirty (30) days after the Effective Date.  Such application must include at a minimum: (a) the name of

CHI:2105555.5

the holder of the Claim; (b) the amount of the Claim; and (c) the basis of the Claim. Failure to timely file and serve the application required under this section shall result in the Administrative Claim being forever barred and discharged. An Administrative Claim where notice has been timely and properly filed pursuant to Section II.B of the Plan and this Confirmation Order shall become an Allowed Administrative Claim if no objection is filed within sixty (60) days after its filing and service. If an objection is filed within such sixty (60) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent Allowed by a Final Order.

16.  <u>Final Fee Applications</u>.  Pursuant to Section II.C of the Plan, each Professional who holds or asserts any claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date (the "<u>Fee Claim</u>") shall be required to file with the Bankruptcy Court, and shall serve on all parties required to receive notice, an application for final compensation and reimbursement of expenses (the "<u>Fee Application</u>") within thirty (30) days after the Effective Date. Objections to Fee Applications must be filed within thirty (30) days after the filing and service of the Fee Application. Failure to timely file a Fee Application as required under Section II.C of the Plan shall result in the Fee Claim being forever barred and discharged. A Fee Claim with respect to which a Fee Application has been timely and properly filed pursuant to Section II.C of the Plan and this Confirmation Order shall become an Allowed Professional Fee Claim only to the extent allowed by a Final Order.

17.  <u>Discharge</u>.  To the fullest extent permitted by applicable law (including, without limitation, section 105 of the Bankruptcy Code), and except as otherwise provided in the Plan or in this Confirmation Order: (A) all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims of any nature

whatsoever (including any Claims that are contingent or unliquidated as of the Effective Date) against the Debtors or any of their assets or properties and, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors shall (i) be deemed to be discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, debts, Liens, security interests, and encumbrances of and against all Property of the Estates, the Debtors and their Affiliates, that arose before the Effective Date, including without limitation, all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) such Claim has been Allowed pursuant to section 502 of the Bankruptcy Code, or (b) the Holder of such Claim has voted to accept the Plan and (ii) terminate all Parent Common Stock Interests; and (B) as of the Effective Date, (x) all entities, including, without limitation, all Holders of Claims or Interests, shall be barred and enjoined from asserting against the Debtors or the Reorganized Debtors, their successors or their property, any other or further Claims, debts, rights, Causes of Action, liabilities or Interests relating to the Debtors based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or this Confirmation Order, this Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Parent Common Stock Interests, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge and termination shall void any judgment obtained against the Debtors or the Reorganized Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

CHI:2105555.5

18.  <u>Payment of Fees</u>.  All fees payable by the Debtors under 28 U.S.C. § 1930 shall be paid on the Effective Date, and the Litigation Trust shall thereafter pay any such statutory fees that come due after the Effective Date until the Chapter 11 Cases are closed.

19.  <u>Existing Interests</u>.  Pursuant to Section V.D of the Plan, the Parent Common Stock Interests, the Subsidiary Equity Interests and the Senior Loan Documents of the Debtors shall be canceled, extinguished and terminated upon the Effective Date.

20.  <u>Notice</u>.  On or before the tenth (10th) Business Day after the Confirmation Date, the Debtors shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on (a) all Creditors and Interest Holders, (b) the United States Trustee and (c) other parties in interest by causing such notice to be delivered to such parties by first class mail, postage prepaid.

21.  Within five (5) Business Days following the Effective Date, the Reorganized Debtors shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and serve a copy of same on (a) the United States Trustee, and (b) entities that have requested notice in these Chapter 11 Cases under Bankruptcy Rule 2002.

22.  <u>Reference to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

CHI:2105555.5

23. <u>Distributions to Palm Beach</u>. Any distributions to Palm Beach under the Plan from the Debtors, the Reorganized Debtors or the Litigation Trust shall be made to Palm Beach or to Palm Beach's designee at Palm Beach's direction.

24. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any agreement, instrument or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreement, instrument or document. In the event of an inconsistency between (a) the Plan and any agreement, instrument or document intended to implement the provisions of the Plan, and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern.

25. <u>Conditions to Plan Confirmation</u>. If and to the extent that each of the conditions to confirmation of the Plan set forth in Article IX of the Plan have not been satisfied, Palm Beach and the Committee have waived such conditions.

26. <u>Binding Effect</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, as of the Effective Date, the Plan and its provisions shall be and are hereby as of such date binding on the Debtors, all creditors and all other Persons acquiring property under the Plan, whether or not any Claim held by any of them is Impaired under the Plan, whether or not they voted to accept the Plan, whether or not any Claim held by any of them is Allowed in full, only in part, or Disallowed in full, and whether or not a distribution is made to any of them under the Plan.

27. <u>Monthly Operating Reports</u>. From and after the Confirmation Date, the Debtors and Reorganized Debtors shall be relieved of any further obligation to file monthly operating reports with the Bankruptcy Court. The Reorganized Debtors will continue to file post-

CHI:2105555.5

confirmation quarterly disbursement reports with the Bankruptcy Clerk and the United States Trustee until the Chapter 11 Cases are closed.

28.    <u>Retention of Jurisdiction</u>.   Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction, to the fullest extent legally permitted, over the Chapter 11 Cases, all proceedings arising under, arising on or related to the Chapter 11 Cases, the Confirmation Order, the Plan and administration of the Litigation Trust, including, without limitations, jurisdiction over those matters set forth in Section XI.A of the Plan.

29.    <u>Waiver of Bankruptcy Rule 3020(e)</u>.   The effectiveness of this Order shall not be stayed pursuant to Bankruptcy Rule 3020(e).

### END OF ORDER ###

CHI:2105555.5